1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (SBN 88666)
2  BRIAN H. CHUN (SBN 215417)
   SAISRUTHI PASPULATI (SBN 319879)
3  1300 Clay Street, Suite 810
   Oakland, California 94612
4  Telephone:    (415) 357-4600
   Facsimile:    (415) 357-4605
5  Email: glafayette@lkclaw.com
          bchun@lkclaw.com
6          spaspulati@lkclaw.com

7  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
8

9               UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12 JEVON WARD,                          Case No. _____

13              Plaintiff,              NOTICE OF REMOVAL OF ACTION
                                        UNDER 28 U.S.C. § 1441(b) (DIVERSITY)
14 vs.                                  AND 28 U.S.C. § 1441(a) (FEDERAL
                                        QUESTION)
15 HOME DEPOT, U.S.A., INC., and DOES 1
   through 50, inclusive,
16
                Defendants.             Complaint Filed:  July 1, 2020
17

18

19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Defendant")

21 hereby removes to this Court the state court action described below.

22        1.      On July 1, 2020, an action was commenced in the Superior Court of the State of

23 California, in and for the County of San Joaquin, entitled, <u>Jevon Ward v. Home Depot U.S.A.,</u>

24 <u>Inc., et al.,</u> Case No. STK-CV-UWT-2020-0005661 (the "Action").  (A true and correct copy of

25 the Complaint is attached hereto as **<u>Exhibit A</u>**.)

26        2.      Defendant was served with a copy of the Summons and Complaint on July 9, 2020.

27 (A true and correct copy of the Summons is attached hereto as **<u>Exhibit B</u>**.)

28        3.      On August 6, 2020, Defendant answered the Complaint.  (A true and correct copy

                                        1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA  94612
(415) 357-4600
FAX  (415) 357-4605

of the Answer is attached hereto as **Exhibit C**.)

4.      This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because Plaintiff Jevon Ward ("Plaintiff") alleges claims for discrimination based on disability, retaliation, violation of the California Family Rights Act, violation of the Family and Medical Leave Act and wrongful termination in violation of public policy and seeks recovery of compensatory, general, punitive and liquidated damages and injunctive relief.

5.      Defendant is informed and believes that Plaintiff was at the time of the filing of the Action, and still is, a citizen of the state of California.

6.      Defendant, a corporation, was at the time of the filing of this action, and still is, a citizen of a different state having been incorporated under the laws of the State of Delaware and having its principal place of business in the State of Georgia.  (Declaration of Leonard Cavaluzzi in Support of Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. § 1441(a) (Federal Question), ¶ 3.)

7.      In addition, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it involves a claim arising under federal law, i.e., 29 U.S.C. § 2601 *et seq*.  In addition, Plaintiff's state claims are transactionally related to his federal claim.  Plaintiff asserts the same allegations in support of both his federal and state claims.  The Court, therefore has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

Dated: August 7, 2020                          LAFAYETTE & KUMAGAI LLP


 _/s/ Brian H. Chun_____
BRIAN H. CHUN
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On August 7, 2020, I served the document named below on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

| | |
|---|---|
| X | (BY MAIL): I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection |
| | (BY FILE & SERVEXPRESS) I served the document(s) named above on the party(ies) in this action, by uploading true and correct copy(ies) of the document(s) to File & ServeXpress to be filed and served electronically to the Court and counsel of record through their File & ServeXpress Inboxes. |
| | (BY PERSONAL SERVICE): I caused to be personally served each document listed above on the addressee(s) noted below. |
| | (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | (BY OVERNIGHT MAIL): I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | (BY EMAIL): I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Adam Blair Corren
Spencer D. Sinclair
*Law Offices of Corren & Corren*
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Tel:    (209) 478-2621
Fax:    (209) 478-3038
Email: accoren@correnlaw.com
Email: ssinclair@correnlaw.com
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 7, 2020, at El Sobrante, California.

*Brenda Fuller*
BRENDA FULLER

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

3

NOTICE OF REMOVAL TO ACTION

# EXHIBIT A

Adam Blair Corren, SBN: 183067
Spencer D. Sinclair, SBN: 294340
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Telephone: (209) 478-2621
Facsimile: (209) 478-3038
acorren@correnlaw.com
ssinclair@correnlaw.com

Attorneys for Plaintiff
Jevon Ward

Electronically Filed
Superior Court of California
County of San Joaquin
2020-07-01 13:45:12
Clerk: Angela Constantino

Case Management Conference
12/29/2020 08:30 AM in 11B

STK-CV-UWT-2020-0005661

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEVON WARD,<br><br>           Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A. INC., and DOES<br>1 through 50, inclusive,<br><br>           Defendants. | Case No.<br><br>COMPLAINT |

Plaintiff Jevon Ward complains of Defendants Home Depot U.S.A. Inc. and Does 1 through 50, inclusive, and alleges on information and belief as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.    At all times herein mentioned, Plaintiff Jevon Ward (hereinafter referred to as "Plaintiff") was an individual employed by Defendants in the County of San Joaquin, State of California.

2.    At all times herein mentioned, Defendant Home Depot U.S.A. Inc. was a corporation, authorized and licensed to do business in the County of San Joaquin, State of California.

3.      That the true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names and will seek leave of Court, if necessary, to amend this complaint to insert the true names and capacities of such Defendants when same have been ascertained.

4.      That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment. All acts alleged to have been committed by any Defendants were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant, and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized, or ratified each such act. Plaintiff is informed and believes and thereon alleges that each Defendant, and each of them, was the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner, and/or joint venturer of each other Defendant, and each of them; and, in doing the things alleged herein, was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

5.      The Defendants named herein pursued a common course of conduct with, acted in concert with, conspired with, and aided and abetted each other to accomplish the wrongs set forth in this complaint, and is each, in whole or in part, legally responsible for Plaintiff's damages and relief as set forth in this complaint.

6.      That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment.

7.      Each and every Defendant engaged, suffered, or permitted the Plaintiff to work and/or exercise control over the wages, hours, or working conditions of the Plaintiff. Accordingly, each and every Defendant is an employer of the Plaintiff within the meaning of California law.

8.      Defendants Home Depot U.S.A. Inc. and Does 1 through 50, inclusive, shall hereinafter be collectively referred to as "Defendant."

9.      In or about February 2001, Plaintiff began working for Defendant.

10.     In or about February 2015, Plaintiff broke his left ankle.

11.     Following Plaintiff's ankle injury, Plaintiff was transferred from the Outbound Department to the Inbound Department as Inbound involved less walking and required Plaintiff to be on his feet less.

12.     On or about June 17, 2019, Plaintiff was instructed to return to the Outbound Department.

13.     On or about June 17, 2019, near the end of the workday, Plaintiff reported to Assistant General Manager Robert Aguirre and Outbound Manager John Lee, that, because of his ankle condition, he could not perform the amount of standing/walking that was required in the Outbound Department. Plaintiff then showed Mr. Aguirre and Mr. Lee that his ankle was already swollen from working only one day in the Outbound Department, and communicated his ankle was the reason Plaintiff could not work in Outbound. Mr. Aguirre asked if Plaintiff had a doctor's note in his file. Plaintiff responded he did not because Plaintiff was able to perform his duties in the Inbound Department without issue. Mr. Aguirre then stated the transfer would be temporary and the assignment would only last a few weeks. Mr. Aguirre and Mr. Lee did nothing in response to Plaintiff's report regarding his ankle or inability to work in the Outbound Department given his ankle condition.

14.     From on or about June 17, 2019 to on or about June 27, 2019, Plaintiff continued to work in the Outbound Department, and his ankle condition progressively worsened. During this time, Plaintiff inquired with Mr. Aguirre regarding the transfer back to Inbound, and Mr. Aguirre always responded that he was working on it or that he had not forgotten about Plaintiff.

15.     By on or about June 27, 2019, Plaintiff had developed a noticeable limp, his ankle was visibly swollen, and he was experiencing significant pain. As a result, Plaintiff took some time off work to rest his ankle.

16.     On or about July 3, 2019, and July 8, 2019, Defendant's Human Resources Department Representative Krishae contacted Plaintiff, and Plaintiff advised that he was receiving treatment for his ankle condition. Prior to on or about July 3, 2019, Plaintiff had been communicating with Mr. Lee regarding his ankle condition.

17.     On or about July 9, 2019, Plaintiff met with Krishae and provided her with his doctor's note.

18.     On or about July 9, 2019, Plaintiff learned that he had a loose screw in his ankle and required surgery.   Plaintiff was provided the following restrictions through July 25, 2019: stand intermittently (up to 50% of shift); walk: intermittently (up to 50% of shift); bend at the waist: occasionally (up to 25% of shift); torso/spine twist: occasionally (up to 25% of shift); climb ladders: not at all; use of scaffolds/work at height: not at all; and lift/carry/push/pull no more than 5 pounds. Later the same day on or about July 9, 2019, Plaintiff advised Krishae regarding his need for surgery and sent Krishae his doctor's note and work restrictions.

19.     On or about July 15, 2019, Plaintiff returned to Defendant's workplace.  His ankle was in a boot, and he required crutches to ambulate.

20.     On or about July 15, 2019, Plaintiff was called into a meeting with Mr. Aguirre, Mr. Lee, and Isabel Ortega, Plaintiff's Inbound Manager.  Plaintiff was told that it was great to see him back in the building, but unfortunately they were not going to have a good conversation.  Mr. Aguirre then terminated Plaintiff's employment because of Plaintiff's ankle condition and/or work restrictions under the pretext of alleged performance issues.

21.     During the meeting, Plaintiff questioned if Defendant was really terminating Plaintiff because he was late and/or missed some start up meetings.  Plaintiff questioned these issues because employees regularly missed and/or were late to such meetings without being disciplined or reprimanded, let alone terminated.  Mr. Aguirre responded in the affirmative.  Plaintiff had not previously received any negative communication regarding missing and/or being late to such meetings.

22.     At the conclusion of the meeting, Ms. Ortega stated that all the associates who had come into contact with Plaintiff had really enjoyed working with him, Plaintiff was great with the associates, and Ms. Ortega liked Plaintiff as a person.  Mr. Lee told Plaintiff that he could use Mr. Lee as a reference.

23.     Approximately one hour after said termination meeting, Plaintiff asked Defendant regional Human Resources employee, Lenny, why was Plaintiff supposedly terminated for such meeting issues when every other Defendant supervisor was late and/or missed same meetings without

1    any negative consequences.  Lenny's response was the issue was about Plaintiff and not about other

2    supervisors.

3         24.    Some time later on or about July 2019, Krishae refused to provide Plaintiff with a copy

4    of Plaintiff's termination letter and suggested to Plaintiff that Defendant had concluded there was not

5    much of a difference between the walking required Inbound verses Outbound.

6                                              **REMEDIES**

7         25.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

8    suffered substantial losses in earnings, bonuses, and other employment benefits, including but not limited

9    to expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according

10   to proof.

11        26.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff was

12   compelled to and did employ health providers to examine, treat and care for Plaintiff.  Plaintiff has

13   incurred liability therefore in an amount according to proof.  Plaintiff is informed and believes and on

14   such information and belief alleges that Plaintiff will necessarily by reason of said Defendant's conduct,

15   require additional health provider services and incur additional liability for health provider services in an

16   amount according to proof.

17        27.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

18   suffered and continues to suffer humiliation, anxiety, embarrassment, anger, loss of enjoyment of life,

19   emotional distress, and mental and physical pain and anguish, all to Plaintiff's damage in an amount

20   according to proof.

21        28.    The Defendant committed the acts alleged herein maliciously, fraudulently, and

22   oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

23   motive amounting to malice.  As a result of the Defendant's conduct, Plaintiff is entitled to recover

24   punitive damages in an amount commensurate with the Defendant's wealth.

25        29.    Plaintiff is entitled to reinstatement of Plaintiff's employment with Defendant.

26        30.    Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. section 2617(a)(iii).

27        31.    Plaintiff is entitled to recover interest, including prejudgment interest, at the legal rate in

28   an amount according to proof.

32.    Plaintiff has incurred and continues to incur legal expenses and attorney fees in an amount according to proof.

### FIRST CAUSE OF ACTION

### (Physical Disability Discrimination)

33.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34.    At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on the Defendant. These sections required the Defendant to refrain from discriminating against Plaintiff on the basis of a physical disability or perceived physical disability, among other things. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

35.    Plaintiff believes and thereon alleges that Plaintiff's physical disability or perceived physical disability was a factor in Defendant's decision to discriminate against and terminate Plaintiff. Such discrimination is in violation of California Government Code sections 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION

### (Violation of Government Code §12940(m))

36.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein by reference.

37.    At all times herein mentioned, California Government Code §12940(m) was in full force and effect and was binding on the Defendant. This section required the Defendant to make reasonable accommodation for Plaintiff's known physical disability so long as such accommodation would not produce undue hardship for the Defendant or to its operation. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

38.    Plaintiff believes and thereon alleges that Defendant failed to accommodate Plaintiff's

known physical disability even though such accommodation would not produce undue hardship for the Defendant or to its operation.  Such action, or failure to act, is in violation of California Government Code §12940(m) and has resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### (Violation of Government Code §12940(n))

39.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein by reference.

40.    At all times herein mentioned, California Government Code §12940(n) was in full force and effect and was binding on the Defendant.  This section required the Defendant to engage in a timely, good faith, interactive process with the Plaintiff to determine effective, reasonable accommodations, if any, in response to a request for reasonable accommodation by the Plaintiff for Plaintiff's known physical disability.  Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

41.    Plaintiff believes and thereon alleges that Defendant failed to engage in a timely, good faith, interactive process with the Plaintiff to determine effective, reasonable accommodations, if any, in response to a request for reasonable accommodation by the Plaintiff for Plaintiff's known physical disability.  Such action, or failure to act, is in violation of California Government Code §12940(n) and has resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### (Violation of Government Code Subsection 12940(k))

42.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein by reference.

43.    At all times herein mentioned, California Government Code subsection 12940(k) was in full force and effect and was binding on the Defendants.  This subsection required the Defendant to "take all reasonable steps necessary to prevent discrimination and harassment from occurring."   Within the

1   time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and

2   Housing, in full compliance with this subsection, and received a right-to-sue letter (herein attached as

3   Exhibit "1").

4        44.    Plaintiff believes and thereon alleges that Defendant failed to take all reasonable steps

5   necessary to prevent discrimination and/or harassment from occurring.  Such failure is in violation of

6   California Government Code subsection 12940(k) and has resulted in damage and injury to Plaintiff as

7   alleged herein.

8        WHEREFORE, Plaintiff requests relief as hereinafter provided.

9   ### FIFTH CAUSE OF ACTION

10  ### (Retaliation)

11       45.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein

12  by reference.

13       46.    At all times herein mentioned, California Government Code section 12940 (h) was in full

14  force and effect and was binding on the Defendant.  This section required the Defendant to refrain from

15  discharging or otherwise discriminating against the Plaintiff because Plaintiff requested a reasonable

16  accommodation.  Within the time provided by law, Plaintiff filed a complaint with the California

17  Department of Fair Employment and Housing, in full compliance with this subsection, and received a

18  right-to-sue letter (attached to the Complaint as Exhibit "1").

19       47.    Plaintiff believes and thereon alleges that Plaintiff was terminated because Plaintiff

20  requested such a reasonable accommodation.  Such retaliation is in violation of California Government

21  Code subsection 12940(h) and has resulted in damage and injury to Plaintiff as alleged herein.

22       WHEREFORE, Plaintiff requests relief as hereinafter provided.

23  ### SIXTH CAUSE OF ACTION

24  ### (Violation of California Family Rights Act)

25       48.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein

26  by reference.

27       49.    At all times herein mentioned, California Government Code section 12945.2 (commonly

28  referred to as the California Family Rights Act, hereafter "CFRA") was in full force and effect and was

1   binding on Defendant.  This section, among other things, required the Defendant to allow Plaintiff a

2   medical leave pursuant to Plaintiff's serious health condition and required the Defendant to refrain from

3   retaliating against Plaintiff for taking such medical leave.  Within the time provided by law, Plaintiff filed

4   a complaint with the California Department of Fair Employment and Housing, in full compliance with

5   this section, and received a right-to-sue letter (herein attached as Exhibit "1").

6       50.    Plaintiff believes and thereon alleges that Defendant retaliated against Plaintiff for taking

7   such protected medical leave.  Such actions by Defendant are in violation of California Government Code

8   section 12945.2 and have resulted in damage and injury to Plaintiff as alleged herein.

9       WHEREFORE, Plaintiff requests relief as hereinafter provided.

10                      **SEVENTH CAUSE OF ACTION**

11                  **(Violation of Family and Medical Leave Act)**

12      51.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein

13   by reference.

14      52.    At all times herein mentioned, 29 U.S.C. section 2601 et seq. (commonly referred to as the

15   Family and Medical Leave Act, hereafter "FMLA") was in full force and effect and was binding on

16   Defendant.  These sections, among other things, required the Defendant to allow Plaintiff a medical leave

17   pursuant to Plaintiff's serious health condition and required the Defendant to refrain from retaliating

18   against Plaintiff for taking such medical leave.

19      53.    Plaintiff believes and thereon alleges that Defendant retaliated against Plaintiff for taking

20   such protected medical leave.  Such actions by Defendant are in violation of 29 U.S.C. section 2601 et

21   seq. and have resulted in damage and injury to Plaintiff as alleged herein.

22      WHEREFORE, Plaintiff requests relief as hereinafter provided.

23                      **EIGHTH CAUSE OF ACTION**

24               **(Tortious Termination In Violation of Public Policy)**

25      54.    The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein

26   by reference.

27      55.    At all times herein mentioned, California Government Code sections 12940 and 12945.2

28   were in full force and effect and were binding on the Defendant.  These sections, among other things,

1 │ required the Defendant to allow Plaintiff a medical leave pursuant to Plaintiff's serious health condition,

2 │ required the Defendant to refrain from retaliating against Plaintiff for taking such medical leave, and

3 │ required the Defendant to refrain from terminating Plaintiff because of Plaintiff's actual and/or perceived

4 │ physical disability.

5 │    56. As herein previously alleged, Defendant retaliated against and terminated Plaintiff

6 │ because Plaintiff took such protected medical leave and because of Plaintiff's actual and/or perceived

7 │ physical disability.  Such actions by Defendant are in violation of the public policy of the State of

8 │ California as reflected in the California Government Code, and have resulted in damage and injury to

9 │ Plaintiff as alleged herein.

10 │    WHEREFORE, Plaintiff requests relief as hereinafter provided.

11 │       **REQUEST FOR JURY TRIAL**

12 │    WHEREFORE, Plaintiff requests a trial by jury.

13 │        **PRAYER FOR RELIEF**

14 │    WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

15 │    1. For compensatory damages, including, but not limited to, lost wages, lost health provider

16 │ expenses, and lost employment benefits;

17 │    2. For general damages, including mental and emotional distress damages;

18 │    3. For punitive damages;

19 │    4. For an order by the Court reinstating Plaintiff's employment with Defendant;

20 │    5. For liquidated damages pursuant to 29 U.S.C. section 2617(a)(iii);

21 │    6. For an award of interest, including prejudgment interest, at a legal rate;

22 │    7. For appropriate injunctive and/or declaratory relief prohibiting the recurrence and/or

23 │ continuation of Defendant's unlawful and unfair practices;

24 │    8. For an award of attorney's fees;

25 │    9. For costs of suit incurred; and

26 │ ///

27 │ ///

28 │ ///

1        10.     For such other and further relief as the court may deem appropriate.

2    DATED:  7 - 1 - 2020                    LAW OFFICES OF CORREN & CORREN

3                                            ADAM BLAIR CORREN
4                                            Attorney for Plaintiff, Jevon Ward

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 1, 2020

Spencer Sinclair
5345 N. El Dorado Street, Suite 7
Stockton, CA 95207

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202007-10565201
Right to Sue: Ward / Home Depot U.S.A. Inc.

Dear Spencer Sinclair:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711.
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 1, 2020

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202007-10565201
Right to Sue: Ward / Home Depot U.S.A. Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 1, 2020

Jevon Ward

,

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202007-10565201
       Right to Sue: Ward / Home Depot U.S.A. Inc.

Dear Jevon Ward,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 1, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Jevon Ward

DFEH No. 202007-10565201

Complainant,

vs.

Home Depot U.S.A. Inc.

,

Respondents

_____

1. Respondent **Home Depot U.S.A. Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jevon Ward**, resides in the City of State of .

3. Complainant alleges that on or about **July 15, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

-1-
*Complaint – DFEH No. 202007-10565201*

Date Filed: July 1, 2020

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Additional Complaint Details:** Respondent failed to reasonably accommodate Claimant's known foot/ankle condition; failed to engage in the interactive process; and discriminated against, retaliated against, and wrongfully terminated Complainant because of said physical condition and because Claimant took leave for said condition.  Among other things, Respondent transferred Claimant to a position that aggravated his condition, refused to return Claimant to his former position, and terminated Claimant because of Claimant's foot/ankle condition and because of leave taken for said condition.

-2-

*Complaint -- DFEH No. 202007-10565201*

Date Filed: July 1, 2020

VERIFICATION

I, **Spencer D. Sinclair**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On July 1, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Stockton, CA**

-3-
*Complaint – DFEH No. 202007-10565201*

Date Filed: July 1, 2020

NOTICE OF REMOVAL OF ACTION

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEVON WARD,

RECEIVED
2020-07-01 13:45:12

Filed JUL 0 1 2020
BRANDON E. RILEY, CLERK

By _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
STK-CV-WT-2020-56101

Superior Court of California, County of San Joaquin
180 E. Weber Ave., Suite 200, Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Adam Blair Corren & Spencer D. Sinclair; 5345 N. El Dorado St., #7, Stockton, CA 95207; (209) 478-2621

DATE: JUL 0 1 2020
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)* _____ *(Adjunto)*

BRANDON E. RILEY

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Home Depot U.S.A. Inc

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 7-9-2020

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

NOTICE OF REMOVAL OF ACTION

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
BRIAN H. CHUN (SBN 215417)
SAISRUTHI PASPULATI (SBN 319879)
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605
Email: glafayette@lkclaw.com
           bchun@lkclaw.com
           spaspulati@lkclaw.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Electronically Filed
Superior Court of California
County of San Joaquin
2020-08-06 10:05:32
Clerk: Angela Constantino

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN JOAQUIN

JEVON WARD,

                    Plaintiff,

vs.

HOME DEPOT, U.S.A., INC., and DOES 1
through 50, inclusive,

                    Defendants.

Case No. STK-CV-UWT-2020-0005661

**DEFENDANT HOME DEPOT U.S.A.,
INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

Complaint Filed:  July 1, 2020

*Left margin (vertical):* LAFAYETTE & KUMAGAI LLP / ATTORNEYS AT LAW / 1300 CLAY STREET, SUITE 810 / OAKLAND, CA 94612 / (415) 357-4600 / FAX (415) 357-4605

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

Defendant Home Depot U.S.A., Inc. ("Defendant") answers the Complaint ("Complaint") filed by Plaintiff Jevon Ward ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every, all and singular, of the allegations in the Complaint, and generally denies Plaintiff has been injured in any of the sums mentioned in said Complaint, or any sum at all, as the result of any action, omission to act or delay in acting of this answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

1.     As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     As a second, separate affirmative defense, Defendant asserts that Plaintiff failed to exhaust appropriate administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

## THIRD AFFIRMATIVE DEFENSE

3.     As a third, separate affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

4.     As a fourth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint is barred by statutes of limitation including, but not limited to, Cal. Civ. Proc. Code § 12960(d) and Cal. Civ. Proc. Code § 335.1.

## FIFTH AFFIRMATIVE DEFENSE

5.     As a fifth, separate affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff was caused by persons, firms, corporations, entities or organizations other than Defendant and, by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

## SIXTH AFFIRMATIVE DEFENSE

6.     As a sixth, separate affirmative defense, Defendant asserts that it was unaware of the conduct of which Plaintiff complains and, had it been made aware of the conduct, it would have

2

1    taken immediate corrective action to prevent said conduct.

2                        **SEVENTH AFFIRMATIVE DEFENSE**

3            7.      As a seventh, separate affirmative defense, Defendant asserts that Plaintiff

4    consented to and/or acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any

5    relief as prayed for in her Complaint.

6                         **EIGHTH AFFIRMATIVE DEFENSE**

7            8.      As an eighth, separate affirmative defense, Defendant asserts that Plaintiff failed

8    to mitigate his damages, if any, and said failure to mitigate bars Plaintiff from recovery in this

9    action.

10                        **NINTH AFFIRMATIVE DEFENSE**

11           9.      As a ninth, separate affirmative defense, Defendant asserts that Plaintiff's

12   Complaint, and/or each claim for relief contained therein, is barred in whole or in part by

13   the doctrine of unclean hands.

14                        **TENTH AFFIRMATIVE DEFENSE**

15           10.     As a tenth, separate affirmative defense. Defendant asserts that Plaintiff's

16   Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the

17   doctrine of after-acquired evidence.

18                      **ELEVENTH AFFIRMATIVE DEFENSE**

19           11.     As an eleventh, separate affirmative defense, Defendant asserts that Plaintiff's

20   Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver,

21   estoppel, and/or laches.

22                       **TWELFTH AFFIRMATIVE DEFENSE**

23           12.     As a twelfth, separate affirmative defense, Defendant asserts that it would have

24   acted in the manner complained of by Plaintiff regardless of Plaintiff s alleged disability, alleged

25   perceived disability and alleged protected acts.

26                      **THIRTEENTH AFFIRMATIVE DEFENSE**

27           13.     As a thirteenth, separate affirmative defense, Defendant asserts that it exercised

28   reasonable care to prevent and promptly correct any discriminatory conduct.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

3

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2      14.      As a fourteenth, separate affirmative defense, Defendant asserts that Plaintiff

3  unreasonably failed to take advantage of preventive or corrective opportunities provided

4  by Defendant and otherwise failed to avoid harm.

5

**FIFTEENTH AFFIRMATIVE DEFENSE**

6      15.      As a fifteenth, separate affirmative defense, Defendant asserts that any violation of

7  law by Defendant was the result of good faith conduct by Defendant for legitimate business

8  purposes and Defendant had reasonable grounds for believing such conduct was not a violation of

9  any statute, order, regulation, or policy.

10

**SIXTEENTH AFFIRMATIVE DEFENSE**

11      16.      As a sixteenth, separate affirmative defense, Defendant asserts that Plaintiff was

12  not a qualified disabled individual as a matter of law.

13

**SEVENTEENTH AFFIRMATIVE DEFENSE**

14      17.      As a seventeenth, separate affirmative defense, Defendant asserts that Defendant's

15  conduct alleged in the Complaint, if and to the extent it occurred, was privileged and justified and

16  done with a good faith belief it was correct and no action may be taken against Defendant on

17  account of such conduct.

18

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19      18.      As an eighteenth, separate affirmative defense, Defendant asserts that any claims

20  for emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy

21  provided by Labor Code § 3600 et seq. and cannot be compensated for in this present action.

22

23      WHEREFORE, Defendant prays:

24      1.      The Plaintiff take nothing by the Complaint;

25      2.      That the Complaint be dismissed with prejudice;

26      3.      That Defendant recover its costs of suit herein, including its reasonable attorneys'

27  fees; and

28  / / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

1    4.    That the Court grant such other further relief as it may deem appropriate.

2

3    Dated:  August 6, 2020                    LAFAYETTE & KUMAGAI LLP

4

5                                             _____
                                             BRIAN H. CHUN
6                                            Attorneys for Defendant
                                             HOME DEPOT U.S.A., INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
(Case No. STK-CV-UWT-2020-0005661)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On August 6, 2020, I served the document named below on the parties in this action as follows:

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| **X** | (BY MAIL): I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection |
| | (BY FILE & SERVEXPRESS) I served the document(s) named above on the party(ies) in this action, by uploading true and correct copy(ies) of the document(s) to File & ServeXpress to be filed and served electronically to the Court and counsel of record through their File & ServeXpress Inboxes. |
| | (BY PERSONAL SERVICE): I caused to be personally served each document listed above on the addressee(s) noted below. |
| | (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | (BY OVERNIGHT MAIL): I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | (BY EMAIL): I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Adam Blair Corren
Spencer D. Sinclair
***Law Offices of Corren & Corren***
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Tel:     (209) 478-2621
Fax:     (209) 478-3038
Email: accoren@correnlaw.com
Email: ssinclair@correnlaw.com
***Attorneys for Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 6, 2020, at El Sobrante, California.

*Brenda Fuller*
Brenda Fuller

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605